Goriune Dudukgian (SBN 218714)
**California Justice Project**
35 N. Lake Ave., Suite 710
Pasadena, CA 91101
Tel: (626) 432-7243
Fax: (866) 813-8645
Email: gdudukgian@cjp-law.com

Attorneys for Plaintiff E.P.

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| E.P., a minor, by and through his guardian ad litem, MICHEL HERNANDEZ-DISLA, <br><br> Plaintiff, <br><br> vs. <br><br> TEHACHAPI UNIFIED SCHOOL DISTRICT and JASON GRIMES, <br><br> Defendants. | Case No. <br><br> **COMPLAINT** <br><br> **1) Violation of 42 U.S.C. § 1983** <br><br> **2) Violation of Americans with Disabilities Act, 42 U.S.C. § 12132** <br><br> **3) Violation of Bane Act, Cal. Civ. Code. § 52.1** <br><br> **4) Violation of Mandatory Statutory Duty, Cal. Gov. Code § 815.6** <br><br> **5) Battery** <br><br> **6) Negligent Hiring, Supervision, or Retention of Employee** <br><br> **Demand for Jury Trial** |

COMES NOW Plaintiff E.P., by and through his guardian ad litem, MICHEL HERNANDEZ-DISLA, alleging and requesting relief as follows:

COMPLAINT - 1

## JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1343. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367, because they arise from a common nucleus of operative facts.

2. Pursuant to 28 U.S.C. § 1391(b), venue is proper in the Eastern District of California because the events and/or omissions giving rise to this complaint substantially occurred within the district.

## PARTIES

3. Plaintiff E.P. is a minor who resides in Kern County, California.[1] During all relevant times, Plaintiff was a student enrolled in the TEHACHAPI UNIFIED SCHOOL DISTRICT. Plaintiff brings this action through his mother and guardian ad litem, MICHEL HERNANDEZ-DISLA.

4. Defendant TEHACHAPI UNIFIED SCHOOL DISTRICT ("TUSD") is a public school district duly organized and existing under the laws of the State of California. TUSD is a "public entity" within the meaning of Title II of the Americans with Disabilities Act ("ADA").

5. Defendant JASON GRIMES is a special education teacher who was employed by TUSD during all relevant times. All actions by GRIMES alleged herein

---

[1] In accordance with Federal Rule of Civil Procedure 5.2(a)(3), Plaintiff is identified by his initials in this Complaint to protect his privacy.

COMPLAINT - 2

were taken under color of state law and within the course and scope of his employment with TUSD. Defendant GRIMES is sued in his individual capacity.

## FACTUAL ALLEGATIONS

6. E.P. was born on January 17, 2013 and is presently 10 years old.

7. E.P. has been diagnosed with Autism Spectrum Disorder. During all relevant times, as a result of his autism, E.P. has had significant challenges with communication, social development, sensory processing, motor skills, and behavior.

8. E.P.'s speech development is extremely delayed. While he uses some words and short phrases, he primarily communicates by gestures and pointing. As a result of his limited communication skills, E.P. is unable to report when is abused or mistreated by the staff at school.

9. Socially, E.P. is aloof, stares vacantly at times, and seems to be in his own world. He does not play or interact with other children.

10. In the sensory area, E.P. has unpredictable responses to sounds and noises.

11. Emotionally, E.P. has frequent mood changes and laughs or cries for no apparent reason, alternating with times when he shows no response to his environment.

12. E.P.'s maladaptive behaviors include frequent tantrums, screaming, crying, work refusals, and self-injurious acts. These behaviors occur frequently at home, at school, and in the community.

13. During all relevant times, TUSD failed to provide Plaintiff E.P. with positive behavioral interventions and supports ("PBIS") that would manage and remediate E.P.'s behaviors and would allow E.P. to have equal and meaningful access to

COMPLAINT - 3

the benefits of a public education.

14. Since October 10, 2018, E.P. has been eligible for special education and related services under the Individuals with Disabilities Education Act ("IDEA").

15. Since kindergarten, E.P. has attended Tompkins Elementary, a school within TUSD. During all relevant times, E.P. has been placed in a special day class ("SDC") at Tompkins Elementary for students with moderate to severe disabilities.

16. E.P. was in the fourth grade during the 2022-2023 school year.

17. Defendant GRIMES was the special education teacher assigned by TUSD to E.P.'s classroom at the beginning of the 2022-2023 school year. The classroom had a mix of students who were in the first to the fourth grades.

18. Plaintiff is informed and believes and thereupon alleges that Defendant GRIMES was suspended and/or terminated by TUSD in September 2022 for verbally and physically abusing several of the children in the classroom, including E.P.

19. Plaintiff is informed and believes and thereupon alleges that defendant GRIMES was previously disciplined by TUSD during the 2021-2022 school year for inappropriate and/or unsafe conduct with a disabled student in his class.

20. In mid-September 2022, Devannee Alondra Gutierrez, an employee of a Non-Public Agency ("NPA")[2] who was providing services to another student in the

---

[2] NPAs are private companies approved by the California Department of Education to provide special education and related services to students with disabilities on behalf of a school district.

COMPLAINT - 4

classroom, reported to TUSD's Director of Special Education that GRIMES was verbally, physically, and emotionally abusive of several students in the classroom, including Plaintiff E.P.

21. Ms. Gutierrez reported that GRIMES had restrained and secluded E.P. on multiple occasions as a punitive measure, in violation of California's prohibition against the corporal punishment of students. *See* Cal. Educ. Code § 49001.

22. When E.P. would begin to engage in vocal outbursts in the classroom as a manifestation of his disability, GRIMES would get in E.P.'s face, puff out his chest, and stand over him in a menacing manner, in a misguided attempt to intimidate E.P. into being silent. But these intimidation tactics predictably escalated E.P.'s behaviors. He would recoil in fear and would begin to cry uncontrollably.

23. On August 19, 2022, at approximately 2:00 p.m., GRIMES became angry at E.P. for putting toys in his shorts, a behavior that was clearly a manifestation of E.P.'s disability. GRIMES yelled at E.P. and ordered him to place the toys in the sink in the classroom. When E.P., who was frightened, did not immediately comply, GRIMES grabbed him violently by the arm and forcefully dragged him to the sink area, using force that was objectively unreasonable under the circumstances. After prying the toys out of E.P.'s hands and placing them in the sink, GRIMES then forcefully dragged E.P. to a seclusion area in the classroom.

24. The seclusion area is a small space within the classroom that is normally used for changing students who need assistance with toileting. The seclusion area is surrounded by curtains on all sides for privacy and is isolated from the rest of the

classroom.

25. After spending several minutes in the seclusion area, E.P. came out on his own and began to cry. GRIMES jumped from his seat and stood over E.P. in a threatening manner. E.P. was visibly scared and started crying and repeatedly asking for his "mommy."

26. On August 22, 2022, at approximately 9:52 a.m., E.P. started crying while the class was watching a YouTube video. GRIMES yelled at E.P. to "go away" and said: "You're not going to ruin everyone else's day." When E.P. continued to cry, GRIMES forcefully dragged him to the seclusion area by his arm and closed the curtains so that E.P. could not see or engage with the rest of the class. GRIMES either forgot about E.P. or intentionally left him in the seclusion area, without supervision and isolated from his classmates, for approximately 30 minutes, after which an aide noticed E.P.'s absence and brought him back with the other students.

27. On another occasion, when E.P. was refusing to do work – which, again, is a behavior that is a manifestation of E.P.'s disability – GRIMES grabbed E.P. on his torso and violently shoved him to the floor. Eric fell down and rolled on the classroom floor.

28. Ms. Gutierrez reported that incidents like the ones described herein "happen[ed] multiple times a day, every day," and that the other TUSD employees in the classroom "stay[ed] quiet or ignore[d] this."

29. TUSD never informed MS. HERNANDEZ-DISLA about any of these incidents of verbal and physical abuse in the classroom. Rather, MS. HERNANDEZ-DISLA independently learned about these incidents from Ms. Gutierrez.

30. GRIMES was eventually removed from the classroom in mid-September

2022 and has never returned. For the remainder of the 2022-2023 school year, TUSD did not assign any other credentialed special education teacher to the classroom. Instead, the classroom was led by paraprofessionals or temporary and uncredentialed substitute teachers.

32. E.P.'s behaviors and functioning regressed significantly after suffering the abuse by GRIMES. As documented in a psychological assessment by world-renowned autism expert, B.J. Freeman, Ph.D., E.P. stopped sleeping in his own bed. He began yelling, crying, and tantruming more frequently at school. He started engaging in aggressive and self-injurious behaviors. On numerous occasions during the 2022-2023 school year, E.P.'s behaviors at school became so severe that MS. HERNANDEZ-DISLA was called to bring him home for the rest of the day.

**COMPLIANCE WITH CALIFORNIA GOVERNMENT CLAIMS ACT**

32. On February 17, 2023, Plaintiff timely presented his claims for damages set forth herein to TUSD in accord with California Government Code § 910.

33. TUSD failed to act on Plaintiff's claims within 45 days after presentment as required by California Government Code § 912.4. Thus, the claims "shall be deemed to have been rejected" by the Defendant. *Id.* at § 912.4(c).

**FIRST CLAIM FOR AGAINST DEFENDANT GRIMES – VIOLATION OF 42 U.S.C. § 1983**

34. Plaintiff repeats and incorporates by reference the allegations in each of the preceding paragraphs.

35. The Fourth Amendment to the United States Constitution protects

COMPLAINT - 7

individuals against unreasonable seizures of their person. A seizure violates the Fourth Amendment if it is objectively unreasonable under the circumstances. *See, e.g., Doe v. Hawaii Dep't of Educ.*, 334 F.3d 906, 909 (9th Cir. 2003).

36. The Fourth Amendment applies to students in the school environment. The excessive use of force by a public school official against a student constitutes an unreasonable seizure in violation of the Fourth Amendment. *See, e.g., Preschooler II v. Clark Cnty. Sch. Bd. of Trs.*, 479 F.3d 1175, 1180 (9th Cir. 2007). As the Ninth Circuit made clear in *Preschooler II*, the Fourth Amendment "plainly prohibits excessive hitting, dragging or throwing of public school children." *Id.* at 1182.

37. Defendant GRIMES is a "person" subject to liability under 42 U.S.C. § 1983.

38. Defendant GRIMES, while acting under color of state law and within the course and scope of his employment with TUSD, violated Plaintiff's rights under the Fourth Amendment by applying excessive force that was objectively unreasonable under the circumstances and served no pedagogical purpose.

39. As a direct and proximate result of Defendant GRIMES's violation of his constitutional rights, Plaintiff suffered physical injury, emotional distress, mental anguish and suffering, and humiliation.

**SECOND CLAIM FOR RELIEF AGAINST DEFENDANT TUSD – VIOLATION OF TITLE II OF AMERICANS WITH DISABILITIES ACT**

40. Plaintiff repeats and incorporates by reference the allegations in each of the preceding paragraphs.

COMPLAINT - 8

41. Title II of the ADA applies to all services, programs, and activities of public entities, including public educational institutions. *See* 42 U.S.C. § 12131 *et seq.*

42. During all relevant times, Defendant TUSD has been a public entity covered by Title II of the ADA.

43. Under Title II of the ADA, "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132; *see also* 28 C.F.R. § 35.130.

44. Title II of the ADA requires a public entity to "make reasonable modifications in policies, practices, or procedures when the modifications are necessary to avoid discrimination on the basis of disability, unless the public entity can demonstrate that making the modifications would fundamentally alter the nature of the service, program, or activity." 28 C.F.R. § 35.130(b)(7)(i).

45. Plaintiff is a "qualified individual with a disability" within the meaning of the ADA. Plaintiff's diagnosed autism substantially limits one or more major life activities, including but not limited to learning.

46. During all relevant times, Defendant TUSD has been aware of Plaintiff's disability.

47. During the 2022-2023 school year, Defendant TUSD excluded Plaintiff from participation in and/or denied him full and equal access to the benefits of the District's services, programs, and activities, by placing Plaintiff in a hostile educational environment where he was repeatedly subjected to physical and psychological abuse by

a special education teacher employed by the District.

48. During the 2022-2023 school year, TUSD failed to provide Plaintiff with reasonable accommodations, services, and supports, such as PBIS, that Plaintiff needed in order to enjoy meaningful access to the benefits of a public education.

49. Defendant TUSD's discrimination against Plaintiff was by reason of his disability and was committed intentionally and/or with deliberate indifference.

50. As a direct and proximate result of the foregoing, Plaintiff suffered injury, including physical injury, loss of educational opportunity, emotional distress and pain, mental anguish, and humiliation.

**THIRD CLAIM FOR RELIEF AGAINST ALL DEFENDANTS – VIOLATION OF BANE ACT**
**(Cal. Civ. Code. § 52.1)**

51. Plaintiff repeats and incorporates by reference the allegations in each of the preceding paragraphs.

52. The Tom Bane Civil Rights Act prohibits interference "by threat, intimidation, or coercion, with the exercise or enjoyment by any individual or individuals of rights secured by the Constitution or laws of the United States, or of the rights secured by the Constitution or laws of this state . . . ." Cal. Civ. Code § 52.1(b).

53. Defendant GRIMES violated Plaintiff's right to be free from unreasonable seizures guaranteed by the Fourth Amendment to the United States Constitution.

54. Defendant GRIMES acted with the specific intent to violate Plaintiff's right to freedom from unreasonable seizures.

55. Defendant TUSD is vicariously liable for Bane Act violations by its

employees.

56. As a direct and proximate result of the foregoing, Plaintiff suffered physical injury, emotional distress, mental anguish and suffering, and humiliation.

**FOURTH CLAIM FOR RELIEF AGAINST DEFENDANT TUSD – VIOLATION OF MANDATORY STATUTORY DUTY**
**(Cal. Gov. Code § 815.6)**

57. Plaintiff repeats and incorporates by reference the allegations in each of the preceding paragraphs.

58. The Child Abuse and Neglect Reporting Act imposes on TUSD and its administrators, teachers, aides, and other school personnel a mandatory duty to report suspected child abuse or neglect, including unlawful corporal punishment or injury, to "any police department or sheriff's department, not including a school district police or security department, county probation department, if designated by the county to receive mandated reports, or the county welfare department." Cal. Penal Code §§ 11165.9.

59. Under the Child Abuse and Neglect Reporting Act, a mandated reporter *must* make a report "whenever the mandated reporter, in the mandated reporter's professional capacity or within the scope of the mandated reporter's employment, has knowledge of or observes a child whom the mandated reporter knows or reasonably suspects has been the victim of child abuse or neglect. The mandated reporter shall make an initial report by telephone to the agency immediately or as soon as is practicably possible, and shall prepare and send, fax, or electronically transmit a written followup report within 36 hours of receiving the information concerning the incident." Cal. Penal Code § 111666.

COMPLAINT - 11

60. The Child Abuse and Neglect Reporting Act was designed to protect children against the types of abuse perpetrated by Defendant GRIMES against Plaintiff E.P.

61. Various TUSD employees, including the District's former Director of Special Education and one or more classroom aides, were undeniably aware of the abuse perpetrated by Defendant GRIMES against Plaintiff E.P. Yet, these TUSD employees, who are mandated reporters, failed to report such abuse as required by the Child Abuse and Neglect Reporting Act.

62. Defendant TUSD's failure to comply with its mandatory duty under the Child Abuse and Neglect Reporting Act caused Plaintiff to incur damages, including physical injury, emotional distress, mental anguish and suffering, and humiliation.

**FIFTH CLAIM FOR RELIEF AGAINST DEFENDANT GRIMES – BATTERY**

63. Plaintiff repeats and incorporates by reference the allegations in each of the preceding paragraphs.

64. Defendant GRIMES touched Plaintiff on multiple occasions with the intent to harm or offend.

65. Plaintiff did not consent to the harmful or offensive touching by Defendant GRIMES.

66. A reasonable person in Plaintiff's situation would have been offended by the touching.

67. As a direct and proximate result of Defendant GRIMES's conduct, Plaintiff was harmed and suffered damages, including physical injury, emotional distress, mental anguish and suffering, and humiliation.

**SIXTH CLAIM FOR RELIEF AGAINST DEFENDANT TUSD – NEGLIGENT HIRING, RETENTION, AND SUPERVISION**

68. Plaintiff repeats and incorporates by reference the allegations in each of the preceding paragraphs.

69. Defendant TUSD owes a duty of care to protect and supervise the children in its schools, including Plaintiff E.P.

70. Defendant TUSD must take reasonable care in hiring and maintaining the ongoing employment of all District personnel. Defendant TUSD must properly train and supervise its employees to ensure that they are competent in the performance of their duties, and to ensure that the District's policies and procedures are followed by school employees. Defendant TUSD is further responsible for taking reasonable steps to remove personnel from contact with students when it becomes aware that they pose a danger to the health and well-being of those students.

71. Defendant TUSD failed to exercise reasonable care in its hiring, retention, and/or supervision of Defendant GRIMES. TUSD knew or should have known, based on a prior history of inappropriate conduct with disabled students, that GRIMES was unfit to teach disabled students, posed a particular risk or harm for such students, and that particular harm materialized vis-à-vis the Plaintiff because of TUSD's failure to take reasonable steps to remove GRIMES from contact with Plaintiff.

72. Defendant TUSD's breach of duty was a substantial factor in causing harm to Plaintiff, including physical injury, emotional distress, mental anguish and suffering, and humiliation.

**WHEREFORE,** Plaintiff prays for the following relief:

(1) An award of compensatory damages according to proof;

(2) An award of reasonable attorney fees and costs;

(3) Such other and further equitable relief as this Court may deem just under the circumstances.

## REQUEST FOR JURY TRIAL

Plaintiff hereby requests a jury trial on all issues so triable.

DATED this 14th day of December, 2020 at Los Angeles, California.

                              CALIFORNIA JUSTICE PROJECT
                              Attorneys for Plaintiffs


                              By: /s/ Goriune Dudukgian
                                   Goriune Dudukgian, SBN 218714