UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| E.P.,<br><br>        Plaintiff,<br><br>    v.<br><br>TEHACHAPI UNIFIED SCHOOL DISTRICT, *et al.*,<br><br>        Defendants. | Case No. 1:23-cv-01724-JLT-CDB<br><br>ORDER RE: MOTION TO APPOINT GUARDIAN AD LITEM OF MINOR E.P.<br><br>(Doc. 12)<br><br>**14-DAY DEADLINE** |

    Pending before the Court is Plaintiff E.P.'s ("Plaintiff") motion to appoint Michel Hernandez-Disla as guardian ad litem, filed on February 20, 2024. (Doc. 12). Because the motion does not comply with Local Rule 202, the Court will deny the motion without prejudice.

    Pursuant to Rule 17 of the Federal Rules of Civil Procedure, a representative of a minor or incompetent person may sue or defend on the minor or incompetent person's behalf. Fed. R. Civ. P. 17(c). A court "must appoint a guardian ad litem—or issue another appropriate order—to protect a minor or incompetent person who is unrepresented in an action." *Id*. The capacity of an individual to sue is determined "by the law of the individual's domicile." Fed. R. Civ. P. 17(b)(1).

    Under California law, an individual under the age of 18 is a minor, and a minor may bring suit if a guardian conducts the proceedings. Cal. Fam. Code §§ 6502, 6601. The Court may appoint a guardian ad litem to represents the minor's interests. Cal. Code Civ. P. § 372(a). To evaluate whether

1

to appoint a particular guardian ad litem, the Court must consider whether the minor and the guardian have divergent interests. Cal. Code Civ. P. § 372(b)(1).

The appointment of the guardian ad litem is more than a mere formality. *United States v. 30.64 Acres of Land, More or Less, Situated in Klickitat Cty., State of Wash.*, 795 F.2d 796, 805 (9th Cir. 1986). A Court shall take whatever measures it deems appropriate to protect the interests of the induvial during the litigation. *See id.* (noting, "[a] guardian ad litem is authorized to act on behalf of his ward and may make all appropriate decisions in the course of specific litigation."). The guardian need not possess any special qualifications, but she must "be truly dedicated to the best interests of the person on whose behalf he seeks to litigate." *AT&T Mobility, LLC v. Yeager*, 143 F. Supp.3d 1042, 1054 (E.D. Cal. 2015) (quoting *Whitmore v. Arkansas*, 495 U.S. 149, 163-64 (1990)). This means that the guardian cannot face an impermissible conflict of interest with the ward, and courts consider the candidate's "experience, objectivity and expertise" or previous relationship with the ward. *Id.* (citations omitted).

Further, the Local Rules of the Eastern District of California provide:

(a) Appointment of Representative or Guardian. Upon commencement of an action or upon initial appearance in defense of an action by or on behalf of a minor or incompetent person, the attorney representing the minor or incompetent person shall present (1) appropriate evidence of the appointment of a representative for the minor or incompetent person under state law or (2) a motion for the appointment of a guardian ad litem by the Court, or (3) a showing satisfactory to the Court that no such appointment is necessary to ensure adequate representation of the minor or incompetent person. See Fed. R. Civ. P. 17(c);

. . . .

(c) Disclosure of Attorney's Interest. When the minor or incompetent is represented by an attorney, it shall be disclosed to the Court by whom and the terms under which the attorney was employed; whether the attorney became involved in the application at the instance of the party against whom the causes of action are asserted, directly or indirectly; whether the attorney stands in any relationship to that party; and whether the attorney has received or expects to receive any compensation, from whom, and the amount. (E.D. Cal. Local Rule 202).

The decision to appoint a guardian ad litem "must normally be left to the sound discretion of the trial court." *30.64 Acres of Land*, 795 F.2d at 804. Fit parents are presumed to act in the best interests of their children. *Troxel v. Granville*, 530 U.S. 57, 66 (2000). However, "if the parent has an actual or potential conflict of interest with [their] child, the parent has no right to control or influence the child's litigation." *Molesky for J.M. v. Carillo*, No. 1:22-cv-1567-ADA-CDB, 2022 WL 17584396, *1 (E.D. Cal. Dec. 12, 2022) (quoting *Williams v. Super. Ct. of San Diego*, 147 Cal. App. 4th 36, 50 (2007)).

Plaintiff's motion represents that Plaintiff E.P. is eleven years old. (Doc. 12-1 at ¶ 2). No previous motion for appointment of guardian ad litem has been filed in this matter. *Id*. at ¶ 6.[1] The proposed guardian ad litem, Michel Hernandez-Disla, the mother of E.P., declares she has no interests adverse to the interest of E.P. *Id*. at ¶ 7. Ms. Hernandez-Disla notes she is familiar with the factual allegations and legal claims in this case. *Id*. at ¶ 5. Ms. Hernandez-Disla attests she is a competent and responsible person, fully capable of understanding and protecting E.P.'s rights and best interests in this case. *Id*. at ¶ 7.

Plaintiff's motion does not comply with Local Rule 202(c). Although in her declaration the proposed guardian ad litem (Ms. Hernandez-Disla) attests that she retained counsel for Plaintiff (Doc. 12-1 ¶ 5), neither the motion nor the declaration discloses the terms under which the attorney was employed and whether the attorney became involved in the application at the insistence of any Defendant. *Id*. Moreover, Plaintiff's motion does not demonstrate whether the attorney stands in any relationship to Defendants or whether the attorney has received or expects to receive any compensation, from whom, and the amount. *See* E.D. Cal. Local Rule 202(c).

Accordingly, it is HEREBY ORDERED that Plaintiff's motion (Doc. 12) is DENIED without prejudice.

---

[1] Local Rule 202 requires upon commencement of an action, the attorney representing the minor must present (1) appropriate evidence of the appointment of a representative for the minor or incompetent person under state law or (2) a motion for the appointment of a guardian ad litem by the Court or, (3) a showing satisfactory to the Court that no such appointment is necessary. E.D. Cal. Local Rule 202(a).

3

And it is FURTHER ORDERED that, within 14 days of the date of entry of this Order, Counsel for Plaintiff SHALL FILE a supplemental declaration addressing the aforementioned issues consistent with Local Rule 202(c).

IT IS SO ORDERED.

Dated:  **February 21, 2024**

_____
UNITED STATES MAGISTRATE JUDGE

4