UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| E.P., *a minor, by and through his guardian ad litem, Michel Hernandez-Disla*,<br><br>Plaintiff,<br><br>v.<br><br>TEHACHAPI UNIFIED SCHOOL DISTRICT and JASON GRIMES,<br><br>Defendants. | Case No. 1:23-cv-01724-JLT-CDB<br><br>ORDER DENYING DEFENDANTS' PARTIAL MOTION TO DISMISS<br><br>(Doc. 18) |

In this disability civil rights action, Plaintiff alleges a former Tehachapi Unified School District special education teacher subjected him to verbal and physical abuse. Pending is Defendants' partial Motion to Dismiss (Doc. 18), which seeks dismissal of the third cause of action under the Bane Act. For the reasons set forth below, the Court **DENIES** Defendants' motion.

**I.    BACKGROUND**

E.P. is a ten-year-old student who attends Tompkins Elementary School within the TUSD. (Doc. 1 at ¶¶ 6, 7, 15.) E.P. has several intellectual and behavioral disabilities arising out of his autism diagnosis, including "significant challenges with communication, social development, sensory processing, motor skills, and behavior," which manifests in the following ways: (1) E.P.'s "speech development is extremely delayed," resulting in E.P. communicating primarily via

gestures, pointing, and short phrases; (2) he "stares vacantly at times," and "does not play or interact with other children"; (3) he unpredictably responds to sounds and noises; (4) he has "frequent mood changes and laughs or cries for no apparent reason"; and (5) he frequently has "tantrums," screams, cries, refuses to do work, and commits "self-injurious acts," all occurring both at home, school, and throughout the community. (*Id.* at ¶¶ 7–12.) Since kindergarten, E.P. has attended Tompkins, where he attends a "special day class ('SDC')" for students with "moderate to severe disabilities," and where he has received services under the Individuals with Disabilities Education Act ("IDEA") since October 2018. (*Id.* at ¶¶ 14–15.)

During the 2022–23 academic school year, Jason Grimes served as E.P.'s primary special education teacher while he attended the fourth grade. (*Id.* at ¶¶ 16–17.) TUSD had "previously disciplined" Grimes during the 2021–22 school year "for inappropriate and/or unsafe conduct with a disabled student in his class." (*Id.* at ¶ 19.) In September 2022, an employee with a Non-Public Agency, Devanee Alondra Gutierrez, reported to TUSD's Director of Special Education that Grimes "was verbally, physically, and emotionally abusi[ng]" E.P. and several other students in his classroom. (*Id.* at ¶ 20.) Such alleged abuse of E.P. included: restraining and secluding E.P. on multiple occasions "as a punitive measure"; responding to E.P.'s vocal outbursts in class by "get[ting] in E.P.'s face, puff[ing] out his chest, and stand[ing] over [E.P.] in a menacing manner" to intimidate him into silence; yelling at, and scaring E.P. when he misbehaved; "grabb[ing] [E.P.] violently by the arm and forcefully drag[ging]" E.P. as an act of discipline; standing over E.P. "in a threatening manner" which "visibly scared" him; forcefully dragging E.P. by his arm to the classroom's seclusion area, placing him behind curtains, and leaving him there for approximately thirty minutes; and grabbing E.P. "on his torso and violently shov[ing] [E.P.] to the floor" when E.P. refused to do work. (*Id.* at ¶¶ 21–27.) Gutierrez reported that these incidents "happened multiple times a day, every day," while "other TUSD employees in the classroom 'stayed quiet or ignored this.'" (*Id.* at ¶ 28 (cleaned up).)

TUSD never informed E.P.'s mother, Michel Hernandez-Disla, about these incidents until Gutierrez separately informed her about the alleged abuse. (*Id.* at ¶ 29.) In mid-September 2022, TUSD removed Grimes from the classroom, and either suspended or terminated his employment,

with Grimes never returning to Tompkins. (*Id.* at ¶¶ 18, 30.) Due to the alleged abuse, E.P. alleges that his "behaviors and functioning" have significantly regressed, whereby he has "stopped sleeping in his own bed," has experienced further tantrums and outburst at school, and has engaged in "aggressive and self-injurious behaviors." (*Id.* at ¶ 31.)

In this action filed against TUSD and Grimes, Plaintiff alleges six causes of action, including a claim under California's Bane Act. (*See generally* Doc. 1.)

## II.   LEGAL STANDARD

### A.   Rule 12(b)(6)

Pursuant to Rule 12(b)(6), a defendant may move to dismiss a claim in the plaintiff's complaint if the allegation "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss under Rule 12(b)(6), the plaintiff's complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"At the pleading stage, all allegations of material fact are taken as true and construed in the light most favorable to the non-moving party." *In re Facebook, Inc. Internet Tracking Litig.*, 956 F.3d 589, 601 (9th Cir. 2020). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. As such, the plausibility standard is a "context-specific task that requires the reviewing court to [1] draw on its judicial experience and common sense," *Iqbal*, 556 U.S. at 679, and [2] to "'draw all reasonable inferences in favor of the nonmoving party.'" *Boquist v. Courtney*, 32 F.4th 764, 773 (9th Cir. 2022) (quoting *Retail Prop. Tr. v. United Bhd. of Carpenters & Joiners of Am.*, 768 F.3d 938, 945 (9th Cir. 2014)). "Ultimately, dismissal is proper under Rule 12(b)(6) if it appears beyond doubt that the non-movant can prove no set of facts to support its claims." *Boquist*, 32 F.4th at 773–74 (internal citation and quotation marks omitted) (cleaned up). However, "[c]onclusory allegations and unreasonable inferences do not provide [] a basis" for determining a plaintiff is entitled to relief. *Coronavirus Reporter v. Apple, Inc.*, 85 F.4th 948, 954 (9th Cir. 2023) (citation omitted). Nor

may a plaintiff rely on legal conclusions to plausibly state a claim for relief. *Doe I v. Cisco Sys., Inc.*, 73 F.4th 700, 713 (9th Cir. 2023).

## II.   DISCUSSION

TUSD moves to dismiss the third cause of action brought under California's Bane Act. (Doc. 18-1 at 4.) Plaintiff alleges that TUSD is "vicariously liable for [the] Bane Act violations" of Grimes, who violated Plaintiff's Fourth Amendment right from unreasonable seizures. (*Id.* at ¶ 55.) Defendants move to dismiss this claim, primarily relying on the California Supreme Court's vicarious liability decision in *John R. v. Oakland Unified School District*, 48 Cal. 3d 438 (1989). Plaintiff responds that this case is strictly limited to cases where a teacher sexually assaults a student and is therefore inapplicable to the instant controversy.[1]

Defendants' argue that *John R.* precludes vicarious liability and, confusingly, urge the Court to employ the two-part test, which *John R.* rejected.[2] In any event, this Court and others have determined that a school district may be held vicariously liable under the Bane Act for acts of excessive force used on a student when the complaint states a claim for excessive force under 42 U.S.C. § 1983. *K.T. v. Pittsburg Unified Sch. Dist.*, 219 F. Supp. 3d 970, 982 (N.D. Cal. 2016); *I.V. v. Vacaville Unified Sch. Dist.*, 2020 WL 820169, at *7 (E.D. Cal. Feb. 19, 2020); *see also Pashuta v. City of San Diego*, 2020 WL 1550217, at *4 (S.D. Cal. Apr. 1, 2020). Under section 815.2, subdivision (a) of the Government Code, a school district, as a public entity, may be vicariously liable for injuries "proximately caused by an act or omission of an employee of the

---

[1] Defendants appear to suggest that the Bane Act applies only in hate crime cases. (Doc. 18-1 at 4.) Not so. "The Tom Bane Civil Rights Act, 1987 Cal. Stat. 4544, was [originally] enacted in 1987 to address hate crimes," *Reese v. Cnty. of Sacramento*, 888 F.3d 1030, 1040 (9th Cir. 2018), however, since its expansion in 2000, the Act "provides relief irrespective of membership in a protected class or classes." *Est. of Mendez v. City of Ceres*, 390 F. Supp. 3d 1189, 1218 (E.D. Cal. 2019) (citing *Venegas v. Cnty of L.A.*, 32 Cal. 4th 820, 841–42 (2004)). Specifically, the Bane Act provides a private right of action to plaintiffs for damages against any person, whether acting under color or not, who interferes with or attempts to interfere "by threat, intimidation, or coercion, with the exercise or enjoyment" their rights under the laws of the United States or California. Cal. Civ. Code §§ 52.1(b), (c).

For example, the use of excessive force against an intellectually disabled, autistic minor student, constitutes a Bane Act violation against that teacher-defendant. *See R.N. by and through Neff v. Travis Unified Sch. Dist.*, 599 F. Supp. 3d 973, 982 (E.D. Cal. 2022); *K.T. v. Pittsburg Unified Sch. Dist.*, 219 F. Supp. 3d 970, 975, 983 (N.D. Cal. 2016); *see also I.V. v. Vacaville Unified Sch. Dist.*, No. 2:19-cv-00273-KJM-DB, 2020 WL 820169, at *7 (E.D. Cal. Feb. 19, 2020).

[2] Indeed, if the Court were to employ the test urged, the Court would be hard-pressed to find that vicarious liability should *not* be imposed.

[school district] within the scope of his employment if the act or omission would, apart from this section, have given rise to a cause of action against that employee[.]" Cal. Gov't Code § 815.2(a); *see also C.A. v. William S. Hart Union High Sch. Dist.*, 53 Cal. 4th 861, 869 (2012) (school districts are public entities subject to the purview of this statute).  This includes public entity vicarious liability for Bane Act violations, in particular.  *E.g.*, *Rodriguez v. Cnty. of L.A.*, 654 F. Supp. 3d 1029, 1052 (C.D. Cal. 2023); *Astorga v. Cnty. of San Diego*, No. 3:21-cv-00463-BEN-KSC, 2022 WL 1556164, at *3 (S.D. Cal. May 17, 2022) (collecting Bane Act cases); *see also Venegas v. Cnty. of L.A.*, 32 Cal. 4th 820, 841 (2004).

Notably, Defendants do not assert that E.P. has failed to allege that the Grimes' conduct "excluded Plaintiff from participation in and/or denied him full and equal access to the benefits of the District's services, programs, and activities . . ." (Doc. 1 at 9) Thus, "[t]his is coercion enough" (*K.T.* at 982) to state a claim under the Bane Act. "And because California law permits respondeat superior liability for Bane Act violations, *Gant v. Los Angeles Cnty*., 772 F.3d 608, 623 (9th Cir. 2014); Cal. Gov't Code § 815.2(a), no defendant gets off the hook." *Id*.

Moreover, unlike in *John R.,* E.P. alleges that Grimes was engaged "in the ultimate object of his employment at the time of his wrongful act." *John R.* at 447. Indeed, the exercise of discipline is expected of teachers in the normal course of their duties such that when that discipline because unlawfully physical and excessive, it cannot be said to "'so unusual or startling' (*Rodgers v. Kemper Constr. Co.* (1975) 50 Cal.App.3d 608, 619 [124 Cal.Rptr. 143]) that vicarious liability cannot fairly be imposed on the district." *John R.* at 450 n.9. Thus, the Court agrees that vicarious liability may be imposed on school districts in the context of a Bane Act cause of action and concludes that the general scope of employment test is the correct one moving forward.  Similarly, the Court has found no authority for Defendants' assertion that vicarious liability only lies if Plaintiff informed or notified TUSD of the abuse.  For these reasons, the Court **DENIES** Defendants' Motion to Dismiss.

IT IS SO ORDERED.

Dated:   **April 19, 2024**

*[signature]*
UNITED STATES DISTRICT JUDGE

5