**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| E.P., a minor, by and through his guardian ad litem, MICHEL HERNANDEZ-DISLA,<br><br>Plaintiff,<br><br>v.<br><br>TEHACHAPI UNIFIED SCHOOL DISTRICT and JASON GRIMES,<br><br>Defendants. | Case No.: 1:23-cv-01724-JLT-CDB<br><br>**ORDER GRANTING STIPULATION RE: PROTECTION OF CONFIDENTIAL INFORMATION** |

COME NOW Plaintiff E.P, Defendant Tehachapi Unified School District ("TUSD"), and Defendant Jason Grimes (collectively "the Parties"), through their respective attorneys of record, and hereby stipulate and jointly petition the Court to enter the following Stipulated Protective Order.

1. <u>GOOD CAUSE STATEMENT</u>

In accordance with Local Rule 141.1(c), the Parties state the following reasons why a protective order is needed in this action:

Discovery in this action is likely to involve the production of sensitive, confidential, and/or private information for which special protection is warranted from public disclosure and from use

for any purpose other than prosecuting this litigation. Such confidential materials consist of educational and medical records that contain personally identifiable information revealing the identities of Plaintiff and other minor public school students. Such records are confidential and protected from disclosure under the Family Education and Privacy Rights Act ("FERPA"), 20 U.S.C. § 1232g and 34 C.F.R. §§ 99.30-.39; the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), 42 U.S.C. §§ 1320d-1320d-9 and 42 C.F.R. Parts 160 and 164; and California Education Code § 49076. *See also Disability Law Center of Alaska, Inc. v. Anchorage Sch. Dist.*, 581 F.3d 936, 939 (9th Cir. 2009) (stating that FERPA "protects the confidentiality of educational records kept by government-funded schools."). Such confidential materials may also include public employees' personnel records. *See, e.g., Associated Chino Tchrs. v. Chino Valley Unified Sch. Dist.*, 30 Cal. App. 5th 530, 541 (2018) (describing privacy interests in teacher's personnel records protected from disclosure by state law).

A court order of protection is necessary with regard to these materials, as opposed to a private agreement among the parties, because of the severity of the harm that will result if these sensitive records are publicly disseminated, and because the Parties may have to share certain confidential records with experts and other third parties over whom the Parties have no control. Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter.

The purpose of this Stipulation is to protect confidential information. It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing

shall be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case. Nothing in this Stipulation shall be construed as changing existing law or shifting existing burdens as to the confidentiality of information.

The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge that, under Local Rule 141.1(e), documents that are the subject of a protective order may be filed under seal only if a sealing order is first obtained in compliance with Local Rule 141.

THEREFORE, IT IS HEREBY STIPULATED:

2. <u>DEFINITIONS</u>

2.1. Action:  The above-titled lawsuit, *E.P. v. Tehachapi Unified School District & Jason Grimes*, Case No. 1:23-cv-01724-JLT-CDB.

2.2. Challenging Party:  A Party or Non-Party that challenges the designation of information or items under this Order.

2.3. "CONFIDENTIAL" Information or Items:  Information (regardless of how it is generated, stored, or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c) and as specified above in the Good Cause Statement.

2.4. Counsel:  Outside Counsel of Record, General Counsel, and In-House Counsel (as well as their support staff).

2.5. Designating Party:  A Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

2.6. Disclosure or Discovery Material:  All items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or

3

responses to discovery in this matter.

2.7. Expert: A person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action, or designated as a non-retained expert.

2.8. General Counsel or In-House Counsel: Attorneys who are employees of a party to this Action.

2.9. Non-Party: Any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.10. Outside Counsel of Record: Attorneys who are not employees of a party to this Action but are retained to represent or advise a party to this Action and have appeared in this Action on behalf of that party or are affiliated with a law firm that has appeared on behalf of that party, and includes support staff.

2.11. Party: Any party to this Action, including all of its officers, directors, and employees.

2.12. Producing Party: A Party or Non-Party that produces Disclosure or Discovery Material in this Action.

2.13. Professional Vendors: Persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.14. Protected Material: Any Disclosure or Discovery Material that is designated as "CONFIDENTIAL."

2.15. Receiving Party: A Party that receives Disclosure or Discovery Material from a Producing Party.

3. SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony,

conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

Any use of Protected Material at trial shall be governed by the orders of this Court. This Order does not govern the use of Protected Material at trial.

4. <u>DURATION</u>

Even after final disposition of this litigation, this Order's confidentiality obligations shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

5. <u>DESIGNATING PROTECTED MATERIAL</u>

5.1. Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order. Mass, indiscriminate, or routinized designations are prohibited.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

5.2. Manner of Designations. Designation in conformity with this Order requires:

(a) for information in documentary form produced after the execution of this Order (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix at a minimum, the stamp "CONFIDENTIAL" (hereinafter "CONFIDENTIAL legend"), to each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(b) for testimony given in depositions, the Designating Party shall have 30 days after receipt of the transcript to identify all protected testimony.

(c) for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information is stored the legend "CONFIDENTIAL." If only a portion or portions of the information warrants protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

5.3.    Inadvertent Failures to Designate.  An inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material.  Either party shall be entitled to correct an inadvertent failure to designate as "CONFIDENTIAL" up to 45 days after disclosure of the qualified information or material (or in the case of material disclosed in a deposition transcript or in exhibits thereto, up to 45 days after the receipt of the transcript).  Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

6.    CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1.    Timing of Challenges.  Any Party or Non-Party may challenge a designation of confidentiality at any stage of the proceedings.

6.2.    Meet and Confer.  The Challenging Party shall first initiate the meet and confer process required by Local Rule 251(b).The Challenging Party must notify the Designating Party, in writing, of the materials objected to and the ground(s) for the objection. If the dispute is not resolved within seven (7) days of receipt of the objections, and after counsel have met and conferred, the parties shall draft a Joint Statement of Discovery Dispute and proceed in accordance with Local Rule 251. The materials at issue must be treated as confidential until the Court has ruled on the objection or the matter has been otherwise resolved.

6.3.    The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties shall continue to afford the material in question the level of protection to

which it is entitled under the Producing Party's designation until the Court rules on the challenge.

7. <u>ACCESS TO AND USE OF PROTECTED MATERIAL</u>

　　　7.1.　Basic Principles.  Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending, or attempting to settle this Action.  Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order.  When the Action has been terminated, a Receiving Party must comply with the provisions of section 12 below.

　　　7.2.　Disclosure of "CONFIDENTIAL" Information or Items.  Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to the following individuals, and only to the extent it is reasonably necessary to prosecute or defend this Action:

　　　(a) Counsel for the Parties;

　　　(b) Parties;

　　　(c) Experts;

　　　(d) The Court and its personnel;

　　　(e) Court reporters and their staff;

　　　(f) Professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action;

　　　(g) Deponents during the course of their depositions, provided that the deponent is furnished a copy of this Order and agrees on the record to its terms;

　　　(h) Witnesses listed on a Party's final witness list, in preparation for trial or during trial;

　　　(i) Any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions;

　　　(j) Other persons authorized by written agreement of the Parties or by the Court.

　　　Each third person described herein to whom CONFIDENTIAL documents are to be furnished, shown, or disclosed shall first be presented with a copy of this Order and agree to its terms.

8. <u>PROTECTED MATERIAL SUBPOENED OR ORDERED PRODUCED IN OTHER</u>

LITIGATION.

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL," that Party must:

(a) promptly notify in writing the Designating Party. Such notification shall

include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission.  The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

9. A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION.

The terms of this Order are applicable to information produced by a Non-Party in this Action and designated as "CONFIDENTIAL."  Such information produced by Non-Parties in connection with this litigation is protected by this Order's remedies and relief. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

10. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the

unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, and (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order.

11. MISCELLANEOUS

11.1. Right to Further Relief. Nothing in this Order abridges the right of any person to seek the Court's modification in the future.

11.2. Right to Assert Other Objections. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

11.3. Filing Protected Material. No Party may file any document under seal, except pursuant to a court order that authorizes the filing of the document, or portion of the document, under seal. A sealing order will issue only upon a showing that the information is privileged or protectable under the law. The Party seeking to file under seal shall follow the requirements of Local Rule 141 and shall limit its sealing request to the specific portion of the document that contains the confidential or privileged material. If the Court denies a Party's request to file Protected Material under seal, then the Receiving Party may file the information in the public record unless the Court instructs otherwise.

12. FINAL DISPOSITION

After the final disposition of this Action, as defined in paragraph 4, within 60 days of a written request by the Designating Party, each Receiving Party must return all Protected Material to the Designating Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material except such abstracts or summaries that are protected attorney work product. Upon request, a Receiving Party must verify in writing that all Protected Material has been destroyed. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts,

legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order.

13. <u>ENFORCEMENT</u>

Any violation of this Order may be punished by any and all appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions. However, before any party seeks to prosecute any violation of this Order, said party must engage in a good faith meet and confer effort to resolve the dispute.

14. <u>MODIFICATIONS</u>

14.1. This Order may be modified by agreement of the Parties, subject to approval by the Court.

14.2. The Court may modify the terms and conditions of this Order for good cause, or in the interest of justice, or on its own order at any time in these proceedings. The Parties prefer that the Court provide them with notice of the Court's intent to modify the Order and the content of those modifications, prior to entry of such an order

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

CALIFORNIA JUSTICE PROJECT
Attorneys for Plaintiff E.P.


By: /s/ Goriune Dudukgian
      Goriune Dudukgian, SBN 218714

DEMARIA LAW FIRM
Attorneys for Defendant TEHACHAPI UNIFIED SCHOOL DISTRICT


By: /s/ Anthony DeMaria (as authorized on 7/16/24)
      Anthony DeMaria, SBN 177894

///
///

|   |   |
|---|---|
| 1 | LEWIS BRISBOIS BISGAARD & SMITH LLP |
| 2 | Attorneys for Defendant JASON GRIMES |
| 3 | By: /s/ Ryan P. Kennedy (as authorized on 7/15/24) |
| 4 | Ryan P. Kennedy, SBN 274035 |

IT IS SO ORDERED.

Dated: **July 17, 2024**

_____
UNITED STATES MAGISTRATE JUDGE