1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                        EASTERN DISTRICT OF CALIFORNIA

10

| | |
|---|---|
| 11   E.P., a minor, by and through his guardian ad litem, Michel Hernandez-Disla, | Case No. 1:23-cv-01724-CDB |
| 12 | ORDER GRANTING PLAINTIFF'S UNOPPOSED PETITION FOR |
|               Plaintiff, | APPROVAL OF MINOR'S COMPROMISE |
| 13 | |
| 14        v. | (Doc. 61) |
| 15   TEHACHAPI UNIFIED SCHOOL DISTRICT, *et al.*, | |
| 16            Defendants. | |

17

18          Pending before the Court is the unopposed petition of Plaintiff E.P., a minor, by and through

19   his guardian ad litem, Michel Hernandez-Disla ("Plaintiff"), for approval of the parties' proposed

20   settlement of Plaintiff's claims pursuant to Federal Rule of Civil Procedure 17(c) and Local Rule

21   202(b).  (Doc. 61).  The proposed settlement will resolve Plaintiff's federal and state law claims

22   against the Defendants, including for violations under 42 U.S.C. § 1983, Title II of the Americans

23   with Disabilities Act ("ADA"), California's Bane Act, and other state law claims.  (*Id.* at 7-14).

24   For the reasons stated below, the Court will approve in full the minor's compromise as the

25   settlement agreement is fair, reasonable, and in the best interests of the child.[1]

26   _____

27          [1] On November 25, 2024, following the parties' consent to the jurisdiction of a United States
     magistrate judge for all further proceedings in this action, including trial and entry of judgment, the
28   matter was reassigned to the undersigned pursuant to 28 U.S.C. § 636(c)(1).  (Doc. 54).

I.    **Factual and Procedural History**[2]

Plaintiff E.P. is a 12-year-old male child who has been diagnosed with autism spectrum disorder.  (Doc. 61-1 at 1).  As a result of his autism, E.P. has had significant challenges with communication, social development, sensory processing, motor skills, and behavior, which manifests in the following ways: (1) E.P.'s "speech development is extremely delayed," resulting in E.P. communicating primarily via gestures, pointing, and short phrases; (2) he "stares vacantly at times," and "does not play or interact with other children"; (3) he unpredictably responds to sounds and noises; (4) he has "frequent mood changes and laughs or cries for no apparent reason"; and (5) he frequently has "tantrums," screams, cries, refuses to do work, and commits "self-injurious acts," all occurring both at home, school, and throughout the community.  (Doc. 1 ¶¶ 7-12).

During all relevant times, E.P. has been enrolled at Tompkins Elementary School within the Tehachapi Unified School District ("TUSD").  (*Id.* ¶ 15).  During the 2022-2023 academic school year, Defendant Jason Grimes served as E.P.'s primary special education teacher while he attended the fourth grade.  (*Id.* ¶¶ 16, 17).  TUSD had "previously disciplined" Grimes during the 2021–22 school year "for inappropriate and/or unsafe conduct with a disabled student in his class." (*Id*. at ¶ 19).  In September 2022, an employee with a non-public agency reported to TUSD's Director of Special Education that Grimes "was verbally, physically, and emotionally abusi[ng]" E.P. and several other students in his classroom.  (*Id*. at ¶ 20).  Such alleged abuse of E.P. included: restraining and secluding E.P. on multiple occasions "as a punitive measure"; responding to E.P.'s vocal outbursts in class by "get[ting] in E.P.'s face, puff[ing] out his chest, and stand[ing] over [E.P.] in a menacing manner" to intimidate him into silence; yelling at, and scaring E.P. when he misbehaved; "grabb[ing] [E.P.] violently by the arm and forcefully drag[ging]" E.P. as an act of discipline; standing over E.P. "in a threatening manner" which "visibly scared" him; forcefully

---

[2] The facts set forth herein largely are derived from the Court's earlier order denying Defendants' partial motion to dismiss (Doc. 27), which summarizes the allegations of Plaintiff's complaint, and from Plaintiff's instant motion for approval of minor's compromise, which Defendants do not oppose.  *See* Local Rule 230(c) ("A failure to file a timely opposition may also be construed by the Court as a non-opposition to the motion.").

dragging E.P. by his arm to the classroom's seclusion area, placing him behind curtains, and leaving him there for approximately thirty minutes; and grabbing E.P. "on his torso and violently shov[ing] [E.P.] to the floor" when E.P. refused to do work.  (*Id*. at ¶¶ 21–27).  These incidents reportedly "happened multiple times a day, every day," while "other TUSD employees in the classroom 'stayed quiet or ignored this.'"  (*Id*. at ¶ 28 (cleaned up)).

TUSD never informed E.P.'s mother, Michel Hernandez-Disla, about these incidents until the reporting party separately informed her about the alleged abuse.  (*Id*. at ¶ 29).  In mid-September 2022, TUSD removed Grimes from the classroom, and either suspended or terminated his employment, with Grimes never returning to Tompkins.  (*Id*. at ¶¶ 18, 30).  Due to the alleged abuse, E.P. alleges that his "behaviors and functioning" have significantly regressed, whereby he has "stopped sleeping in his own bed," has experienced further tantrums and outburst at school, and has engaged in "aggressive and self-injurious behaviors."  (*Id*. at ¶ 31).

Plaintiff asserts six causes of action, including for: (1) violation of 42 U.S.C. § 1983 by Defendant Grimes; (2) violation of Title II of the Americans with Disabilities Act ("ADA") by Defendant Tehachapi Unified School District ("TUSD"); (3) violation of the Bane Act by Grimes and TUSD; (4) violation of a mandatory statutory duty by TUSD; (5) battery by Grimes; and (6) negligent hiring, retention, and supervision by TUSD.  (Doc. 61-1 at 7-14).

On September 30, 2024, the parties participated in a judicial settlement conference.  (Doc. 49).  Following several hours of good faith negotiations and with the assistance of the Court, the parties reached a settlement that fully resolves this lawsuit.  (*Id.*).  The terms of the agreement were placed on the record at the conclusion of the settlement conference.  (*Id.*).  A written "Release of All Claims," which is contingent on the Court's approval of the minor's compromise and approval of the settlement by TUSD's governing board, was subsequently executed on January 2, 2024.  (Doc. 61-2, Decl. of Michel Hernandez-Disla ("Hernandez-Disla Decl.") at 3-11 (Ex. A, "Release of All Claims")).  TUSD's board approved the settlement on January 14, 2024.  (Doc. 61-3, Decl. of Goriune Dudukgian ("Dudukgian Decl.") at ¶¶ 9, 10)).

**II.    Terms of the Proposed Settlement**

Under the terms of the proposed settlement, E.P. will receive a total payment of $125,000

1    from Defendants,[3] inclusive of all attorney's fees and costs, in exchange for the release of claims.

2    (Doc. 61-1 at 2).  The settlement also provides that $25,000 of the settlement proceeds will be

3    allocated to attorney's fees and costs, leaving a net recovery of $100,000 for Plaintiff.  (*Id.*).

4    **III.    Settlement Approval Standards**

5            No settlement or compromise of "a claim or against a minor or incompetent person" is

6    effective unless it is approved by the Court.  Local Rule 202(b).  The purpose of requiring the

7    court's approval is to provide an additional level of oversight to ensure that the child's interests are

8    protected.  *K.M. v. Tehachapi School District*, No. 1:17-cv-01431-LJO-JLT, 2019 WL 991048, at

9    *4 (E.D. Cal. Feb. 28, 2019). Under Local Rule 202(b)(2) a party seeking approval of the settlement

10   must disclose:

11               [T]he age and sex of the minor, the nature of the causes of action to
                be settled or compromised, the facts and circumstances out of which
12              the causes of action arose, including the time, place and persons
                involved, the manner in which the compromise amount ... was
13              determined, including such additional information as may be
                required to enable the Court to determine the fairness of the
14              settlement or compromise, and, if a personal injury claim, the nature
                and extent of the injury with sufficient particularity to inform the
15              Court whether the injury is temporary or permanent.

16   L.R. 202(b)(2).  Under Federal Rule of Civil Procedure 17(c), the Court has a responsibility to

17   safeguard the interests of child-litigants.  *Robidoux v. Rosengren*, 638 F.3d 1177, 1181 (9th Cir.

18   2011).  The Court is obligated to independently assess the fairness of a settlement even where the

19   parent has recommended it.  (*Id.* at 1181); *see Salmeron v. United States*, 724 F.2d 1357, 1363 (9th

20   Cir. 1983) (holding that "a court must independently investigate and evaluate any compromise or

21   settlement of a minor's claims to assure itself that the minor's interests are protected, even if the

22   settlement has been recommended or negotiated by the minor's parent or guardian ad litem")

23   (internal citation omitted).  The Court is required to consider whether the net amount distributed to

24   a minor plaintiff is fair and reasonable in light of the facts of the case, the minor's specific claim,

25   and recovery in similar cases.  *Robidoux*, 638 F.3d at 1181-82.

26   ///

---

27        [3] The petition provides that of the total $125,000 payment, $75,000 will be paid by TUSD
28   and its liability pool and $50,000 will be paid by Grimes and his insurer.  (Doc. 61-1 at 2, n.3 (citing
     Hernandez-Disla Decl. at Ex. 1, 1)).

4

1    **IV.**    **Discussion and Analysis**

2          The unopposed petition for approval of settlement reached on behalf of E.P. sets forth the

3    information required by Local Rule 202(b)(2).  E.P. is a 12-year-old male child.  (Doc. 61-1 at 1).

4    The petition, as set forth above, describes the events that gave rise to Plaintiff's claims stemming

5    from Defendant Grimes's alleged abuse of Plaintiff during the 2022-2023 school year.  (*Id.* at 1-2).

6    The Court further notes that the parties reached this settlement amount through a mediator's

7    proposal in a court-supervised settlement conference.  (Doc. 49); *see Bravo v. United States*, No.

8    1:14-cv-01004-AWI-JLT, 2016 WL 3418450, at *3 (E.D. Cal. June 22, 2016) (noting that the key

9    terms of the settlement agreement were developed through a settlement conference before an

10    assigned magistrate judge familiar with the facts of the case).

11          **A.**    **Award to E.P.**

12          The parties settled their dispute for a total amount of $125,000, covering Plaintiff's claims

13    along with his attorney's fees and costs.  (Doc. 61-1 at 2).  Following deduction from the total

14    settlement amount of $25,000 in attorney's fees and costs, Plaintiff requests that the Court approve

15    the immediate disbursement of the remaining $100,000 in net settlement proceeds into a special

16    needs trust created in accordance with 42 U.S.C. § 1396p(d)(4)(a) and California Probate Code §

17    3604.[4]  (*Id.* at 7).  Plaintiff further requests approval to use approximately $2,000 of the settlement

18    proceeds to retain an estate planning attorney to establish the special needs trust.  (*Id.* (citing Cal.

19    Prob. Code § 3601(a)) (authorizing the payment of "reasonable expenses" out of settlement

20    proceeds paid for the benefit of a minor or person with a disability).  In support of the request for

21    disbursement into a special needs trust, Plaintiff represents that he has been evaluated by a

22

23

24

25        [4] Under California Probate Code § 3604(d), a court order authorizing the "payment of
26    money to a special needs trust shall include a provision that all statutory liens in favor of the State
     Department of Health Care Services, the State Department of State Hospitals, the State Department
27    of Developmental Services, and any county or city and county in this state shall first be satisfied."
     Plaintiff and his counsel declare they not aware of any such liens.  *See* Hernandez-Disla Decl. at ¶
28    7; Dudukgian Decl. at ¶ 13.

1  preeminent psychologist and autism expert, Dr. B.J. Freeman,[5] who has drafted a report[6] following

2  the evaluation.  (Doc. 61-1 at 8).  Plaintiff represents that "[w]ithout the trust, Plaintiff will be

3  ineligible for public assistance programs either now or after he reaches the age of eighteen."  (*Id.*

4  at 9).  Plaintiff represents the amount of the net settlement proceeds is such that it does not exceed

5  the amount that is reasonably necessary to meet his special needs.  (*Id.* (citing *J.J. v. Rocklin Unified*

6  *Sch. Dist.*, No. 2:19-cv-01404-KJM-DB, 2020 WL 363908, at *3-4 (E.D. Cal. Jan. 22, 2020)

7  (approving the funding of a special needs trust in the amount of $280,630.52)).

8      **B.    Attorney's Fees and Costs**

9      Plaintiff's counsel, Goriune Dudukgian of the California Justice Project ("CJP"),

10  represented Plaintiff throughout this action.  (Doc. 61-1 at 3).  Typically, courts in the Eastern

11  District of California consider 25 percent of the recovery as the benchmark for attorney's fees in

12  contingency cases involving minors.  *See Chance v. Prudential Ins. Co. of Am.*, No. 1:15-cv-01889-

13  DAD-JLT, 2016 WL 3538345, at *3 (E.D. Cal. June 29, 2016) (citing cases).  However, the Ninth

14  Circuit holds that the fairness of a minor plaintiff's recovery should be evaluated "without regard

15  to the proportion of the total settlement value designated for . . . plaintiffs' counsel."  *Robidoux*,

16  638 F.3d at 1182.

17      Here, Plaintiff's counsel attests that he has been representing E.P. since being retained by

18  his mother and guardian ad litem, Michel Hernandez-Disla.  (Doc. 61-1 at 3).  Plaintiff's counsel

19  attests he has no apparent conflict of interest in connection with his representation as he did not

20  become involved in this case, either directly or indirectly, at the insistence of any party against

21  whom the causes of action are asserted, nor is he related to any party in this case.  (*Id.*).  Plaintiff's

22  counsel represented Plaintiff on a contingency fee basis and has not received any compensation

23  from Hernandez-Disla or from any other source for the services rendered in representing Plaintiff

24

25      [5] The Ninth Circuit has described Dr. Freeman as "a well-respected national expert on

26  autism and autism-like disorders." *Timothy O v. Paso Robles Unified School Dist.*, 822 F.3d 1105, 1116 (9th Cir. 2016).

27      [6] Plaintiff lodged Dr. Freeman's report with a request to seal (Doc. 62) filed

28  contemporaneously with the instant petition.

in this case.[7]  (*Id.*).  Pursuant to the written agreement between CJP and Hernandez-Disla, Plaintiff's counsel was entitled to receive a contingency fee of "25% of any net recovery that is obtained through settlement or court judgment," or "the amount of the court ordered award of attorney's fees and costs," whichever is greater.  (*Id.*).  However, Plaintiff's counsel agreed to reduce his attorney's fees to $25,000 to facilitate the settlement of the action.  (*Id.* at 3, 6-7).  This recovery, which represents 20% of the gross settlement amount, is less than the 25% benchmark that is routinely approved within the Eastern District in contingency cases for minors.  Considering the facts of the case, the award obtained, and the statements submitted by E.P.'s guardian ad litem, the Court finds good cause to approve the requested $25,000 in attorney's fees.

### C.    Recovery in Similar Actions

The Court is required to consider the outcome of similar cases to determine whether the sum to settle the minor's claims is reasonable.  *Robidoux*, 638 F.3d at 1181; *Salmeron*, 724 at 1363.  The Ninth Circuit's holding in *Robidoux* "is limited to cases involving the settlement of a minor's federal claims."  *Robidoux*, 638 F.3d at 1179 n.2.  Where, as here, a settlement also involves state law claims, "federal courts are generally guided by state law."  *J.T. v. Tehachapi Unified Sch. Dist.*, No. 1:16-cv-01492-DAD-JLT, 2016 WL 11812476, at *2 (E.D. Cal. Feb. 27, 2019).  Under California law, a minor's compromise of state law claims requires the court to "evaluate the reasonableness of the settlement and determine whether the compromise is in the best interests of the minor."  *A.M.L. v. Cernaianu*, No. LA CV12-06082 JAK (RZx), 2014 WL 12588992, at *3 (C.D. Cal. Apr. 1, 2014); *see* Cal. Code Civ. Proc. § 372(a)(3) ("The guardian or conservator of the estate or guardian ad litem so appearing for any minor, person who lacks legal capacity to make decisions, or person for whom a conservator has been appointed shall have power, with the approval of the court in which the action or proceeding is pending, to compromise the same . . . ."); Cal. Prob. Code § 3500(b) (requiring court approval of a minor's compromise of a disputed claim for damages).  This requirement "protect[s] the minor involved in litigation by adding an extra layer of scrutiny to the settlement of the minor's claims."  *Pearson v. Super. Ct.*, 202 Cal. App. 4th 1333,

---

[7] Plaintiff represents that Plaintiff's counsel received $15,000 in attorney's fees from TUSD arising from an August 2023 settlement of an administrative special education due process claim under the Individuals with Disabilities Education Act ("IDEA").  (Doc. 61-1 at 3, nn. 4, 5).

1   1330 (2012).

2       Here, the Court has reviewed and compared the facts and circumstances of this case to

3   similar cases as cited in the petition and concludes that this comparison supports a conclusion that

4   the proposed settlement is fair and reasonable and serves the best interests of E.P.  *See, e.g.*,

5   *Gonzalez v. Chula Vista Elem. Sch. Dist.*, No. 21-cv-1314-L-DDL, 2024 WL 1466784 (S.D. Cal.

6   Apr. 3, 2024) (recommending approval of settlement providing net recovery of between $24,375

7   and $25,875 to four minor students who alleged that special education teacher subjected them to

8   physical harm, fear of physical harm, and verbal abuse); *F.R. v. Santa Clara Unified Sch. Dist.*, No.

9   23-cv-01840-BLF, 2024 WL 3696482 (N.D. Cal. Aug. 6, 2024) (approving net payment of $20,000

10  to student who alleged that she was "mistreated and sexually battered by staff at the public school

11  where she attended kindergarten"); *Vasquez v. Richland Sch. Dist.*, No. 1:19-cv-0327-JLT, 2021

12  WL 168343 (E.D. Cal. Jan. 19, 2021) (approving net payment of $37,751.66 to student who alleged

13  that teacher "engaged in inappropriate and aggressive conduct towards students—including

14  Plaintiff—by using threatening language, grabbing their arms, and squeezing their hands as

15  punishment."); *A.M. v. San Juan Unified Sch. Dist.*, No. 2:16-cv-02380-KJM-KJN, 2018 WL

16  10436221 (E.D. Cal April 26, 2018) (finding fair and reasonable net settlement of $39,016.41 for

17  minor's claims for emotional distress caused by actions of his teacher and behavioral aide); *Warchol*

18  *v. Kings Cnty. Office of Educ.*, No. 1:17-cv-00106-DAD-MJS, 2018 WL 1185053 (E.D. Cal. Mar.

19  7, 2018) (approving net recovery of $56,488.32, where plaintiff diagnosed with autism alleged

20  ongoing verbal and physical abuse by teacher).

21      The proposed settlement amount presented by the parties here is aligned with or exceeds

22  the recovery obtained with these other cases involving similar factual scenarios.  In sum, the Court

23  finds that the proposed settlement amount of $125,000 is fair, reasonable, and in the best interests

24  of the child when compared to similar settlements and based on the particular facts of this case.

25

26          *Remainder of This Page Intentionally Left Blank*

27

28

8

**V.    Conclusion and Order**

Based upon the foregoing, it is **HEREBY ORDERED** that:

1. The unopposed petition to approve settlement of the minor's claims is APPROVED IN FULL;

2. The total settlement funds of $125,000 shall be paid by Defendants in their respective contributions to the California Justice Project's client trust account within 21 days of the date of this Order. The settlement proceeds shall be further distributed as follows:

   a. The sum of $2,000 shall be used to retain an estate planning attorney for the purpose of establishing a special needs trust for Plaintiff E.P.

   b. The sum of $20,000 shall be retained by the California Justice Project as reasonable attorney's fees and costs.

   c. The balance of the settlement funds shall be deposited into a special needs trust established for the benefit of Plaintiff E.P.

3. Plaintiff's counsel shall provide proof to the Court within 30 days of this Order that the special needs trust has been funded in accordance the requirements of this Order; and

4. The parties are DIRECTED to file with the Court a stipulation for dismissal of the action with prejudice no later than **45 days** from the date of this order.

IT IS SO ORDERED.

Dated:   **March 17, 2025**                    _____
                                                                UNITED STATES MAGISTRATE JUDGE