|   |   |
|---|---|
| E.P., a minor, by and through his guardian ad litem, Michel Hernandez-Disla,<br><br>Plaintiff,<br><br>v.<br><br>TEHACHAPI UNIFIED SCHOOL DISTRICT, *et al.*,<br><br>Defendants. | Case No. 1:23-cv-01724-CDB<br><br>ORDER GRANTING STIPULATED REQUEST TO EXTEND *NUNC PRO TUNC* DEADLINES SET BY ORDER GRANTING PLAINTIFF'S UNOPPOSED PETITION FOR APPROVAL OF MINOR'S COMPROMISE<br><br>(Doc. 65)<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR RECONSIDERATION<br><br>(Doc. 69) |

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

On March 17, 2025, the Court granted Plaintiff's unopposed petition for approval of minor's compromise ("Order"). (Doc. 65). The Order set forth that "[t]he total settlement funds of $125,000 shall be paid by Defendants in their respective contributions to the California Justice Project's client trust account within 21 days of the date of this Order" (*i.e.*, April 7, 2025). (*Id.* at 9). The Court further ordered that "Plaintiff's counsel shall provide proof to the Court within 30 days of this Order [(*i.e.*, April 16, 2025)] that the special needs trust has been funded in accordance [with] the requirements of this Order" and the parties were directed to file a stipulation for dismissal of the action with prejudice no later than 45 days (*i.e.*, May 1, 2025). (*Id.*).

**Parties' Joint Stipulated Request for Extension of Deadlines (Doc. 68)**

Pending before the Court is the parties' joint stipulated request for an extension of the

deadlines set forth in the Court's Order, filed on April 11, 2025. (Doc. 68). The Parties represent good cause exists for the requested extension as Plaintiff's counsel did not receive payment of the settlement funds into the California Justice Project's client trust account by the April 7, 2025, deadline and still has not received the funds as of the date of the stipulated request. (*Id.* at 2). The parties represent its counsel has conferred and "it now appears that the settlement checks will be mailed out during the week of April 14, 2025" because "paper checks will be issued and given the size of the deposits, it is likely that the bank will place an extended 'hold' on the checks, which likely makes the [nine]-day interval between receipt of the settlement funds and funding of the special needs trust too short." (*Id.*). Thus, the parties seek to extend the payment of settlement funds to April 21, 2025; proof of funding the special needs trust to May 12, 2025; and the filing of the stipulation for dismissal to May 19, 2025. (*Id.*).

Based on the parties' representations, and for good cause shown, the Court shall grant the parties' joint stipulated request and extend *nunc pro tunc* the deadlines from the Order granting Plaintiff's unopposed petition for approval of minor's compromise (Doc. 65) as set forth in the stipulation.

**Plaintiff's Motion for Reconsideration (Doc. 69)**

Also pending before the Court is Plaintiff's motion for reconsideration of the Court's award of attorney's fees in the Order granting Plaintiff's unopposed petition for approval of minor's compromise, filed on April1 11, 2025. (Doc. 69). Plaintiff represents that as "[t]his Court noted, when summarizing the 'Terms of the Proposed Settlement' in the Order, that '[t]he settlement … provides that $25,000 of the settlement proceeds will be allocated to attorney's fees and costs, leaving a net recovery of $100,000 for Plaintiff.'" (*Id.* at 2) (citing Doc. 65 at 3-4). Plaintiff further represents that the Order found "good cause to approve the requested $25,000 in attorney's fees" but the conclusion of the Order provided that "[t]he sum of $20,000 shall be retained by the California Justice Project as reasonable attorney's fees and costs." (*Id.*). Counsel for Plaintiff represents it is not clear "whether the reduction" of the award granted in the Order "from $25,000 to $20,000 is a typographical error or was a purposeful reduction of fees for an unspecified reason" and therefore requests reconsideration of the award. (*Id.* at 2).

2

It appears the Court's Order contained a typographical error in awarding $20,000 as opposed to $25,000. The Court finds no response from Defendant required in finding good cause to grant Plaintiff's motion for reconsideration and amend the Order to correct the error. Thus, the Court shall amend the Order granting Plaintiff's unopposed petition for approval of minor's compromise to award $25,000 to be retained by the California Justice Project as reasonable attorney's fees and costs. *See* Fed. R. Civ. P. 60(a); E.D. Cal. Local Rule 230(j).

*Remainder of This Page Intentionally Left Blank*

**Conclusion and Order**

Accordingly, it is **HEREBY ORDERED** that:

1. The parties' joint stipulated request to extend deadlines set by the Court's Order granting Plaintiff's unopposed petition for approval of minor's compromise (Doc. 68) is GRANTED, and the deadlines set forth in the Order (Doc. 65) are <u>modified</u> *nunc pro tunc* as follows:

    a. The total settlement funds of $125,000 shall be paid by Defendants in their respective contributions to the California Justice Project's client trust account no later than **April 21, 2025**;

    b. Counsel for Plaintiff shall provide proof to the Court no later than **May 12, 2025**, that a special needs trust has been funded in accordance with this Court's requirements as set forth in the Court's Order granting Plaintiff's unopposed petition for approval of minor's compromise (Doc. 65); and

    c. The Parties shall file with the Court a stipulation for dismissal of the action with prejudice no later than **May 19, 2025**.

2. Plaintiff's motion for reconsideration of the Court's award of attorney's fees in the Order granting Plaintiff's unopposed petition for approval of minor's compromise (Doc. 69) is GRANTED, and the award in the Order (Doc. 65) is <u>amended</u> pursuant to Federal Rule of Civil Procedure 60(a) as follows:

    a. The sum of <u>$25,000</u> shall be retained by the California Justice Project as reasonable attorney's fees and costs.

IT IS SO ORDERED.

Dated:   **April 17, 2025**                                            _____
                                                                                            UNITED STATES MAGISTRATE JUDGE